UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-3663(DSD/DTS)

Wilson Nduri Tindi,

       Petitioner,

v.                                                           **ORDER**

Secretary,
Department of Homeland Security;
Jefferson Sessions,
Attorney General;
Scott Baniecke,
ICE Field Office Director; and
Kurt Freitag,
Freeborn County Sheriff,

       Respondents.


This matter is before the court upon the objection of respondents Kirstjen M. Nielsen, Secretary of the Department of Homeland Security; Jefferson Sessions, Attorney General; and Peter Berg,[1] Acting Field Office Director of United States Immigration and Customs Enforcement to the December 8, 2017, report and recommendation (R&R) of Magistrate Judge David T. Schultz. In his report, the magistrate judge recommended that the court grant pro se petitioner Wilson Nduri Tindi's petition for writ of habeas corpus. After a de novo review, the court overrules the objection and grants the writ of habeas corpus.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the court orders that Peter Berg, Acting Field Office Director, United States Immigration and Customs Enforcement shall replace Scott Baniecke on the case caption.

## BACKGROUND

The underlying facts are not in dispute and will not be repeated except as necessary. Tindi, a native and citizen of Kenya, entered the United States in 2005 under a B2 Visitor Visa that authorized him to remain in the country for six months. Tindi, however, overstayed his visa, and his application to become a permanent resident was denied in 2007.

On November 14, 2008, Immigration and Customs Enforcement (ICE) initiated removal proceedings against Tindi, and an immigration judge ordered that Tindi be removed on March 10, 2009. ICE took Tindi into custody in October 2009. Tindi then successfully reopened his removal proceedings, and ICE released him on bond in November 2009. On September 21, 2011, an immigration judge reversed the removal order. On April 15, 2014, Tindi became a lawful permanent resident.

In December 2014, Tindi was charged with first-degree burglary and fourth-degree sexual assault. He pleaded guilty to the assault charge, and the prosecutor dismissed the burglary charge pursuant to a plea agreement. Tindi was sentenced to twenty-four months' imprisonment stayed for five years and 210 days in the Hennepin County Adult Corrections Facility.

On August 16, 2016, ICE took Tindi into custody from the Hennepin County jail. On December 9, 2016, an immigration judge ordered that Tindi be removed to Kenya, finding that Tindi was a

removable alien under 8 U.S.C. § 1227(a)(2)(A)(iii), because he had committed an aggravated felony. Tindi appealed, and on April 27, 2017, the Board of Immigration Appeals (BIA) affirmed the decision. A final order of removal was issued on May 4, 2017.

On May 8, 2017, Tindi appealed his state court conviction, arguing that his counsel had not advised him that pleading guilty could lead to his removal. A decision on the appeal is still pending. On May 16, 2017, Tindi filed a petition for review of his final removal order with the Eighth Circuit Court of Appeals. The Eighth Circuit stayed Tindi's removal pending its decision on the petition for review and stayed the entire proceeding pending the Supreme Court's decision in Sessions v. Dimaya, No. 15-1498 (2017). The Supreme Court has yet to issue its decision in Dimaya.

On August 10, 2017, Tindi filed a writ for habeas corpus pursuant to 28 U.S.C. § 2241. The magistrate judge recommended that the court grant the petition, and respondents now object.

## DISCUSSION

### I.  Detention of Aliens

Generally, two statutes authorize the detention of aliens. Under 8 U.S.C. § 1226(a), the government may arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." If a final order of removal is issued against the alien, the government may continue to detain the alien

pursuant to 8 U.S.C. § 1231. Under this statute, the government must remove the alien within a period of ninety days, the beginning of which begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is release from detention of confinement.

8 U.S.C. § 1231(a)(1)(B).

If the government does not remove the alien within the ninety-day period, the government may continue to detain the alien if it determined that the alien is "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). Although the statute does not limit the amount of time an alien can be detained under § 1231(a)(6), the Supreme Court held in Zadvydas v. Davis, 533 U.S. 678 (2001) that the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Id. at 689. The court further held that a post-removal detention period of up to six months was "presumptively reasonable." Id. at 701. After this six-month period, the alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government must provide sufficient evidence to rebut such a

4

showing.  Id.

The Zadvydas six-month clock has only been applied to post-removal detention, but, as the magistrate judge correctly noted, other circuit courts and courts in this district have held that pre-removal detention is subject to reasonable time limitations. See, e.g., Davis v. Tritten, No. 17-3710, 2017 WL 4277145, at *3 (D. Minn. Sept. 25. 2017) (collecting cases); Bah v. Cangemi, 489 F. Supp. 2d 905, 920 (D. Minn. 2007).

**II.  Basis for Tindi's Detention**

The magistrate judge concluded that Tindi is in pre-removal detention under § 1226(a).  R&R at 8.  The government argues that Tindi is being held in post-removal detention under § 1231.  The court agrees with the magistrate judge that Tindi is in pre-removal detention.  Although Tindi was subject to a final order of removal, that order was stayed by the Eighth Circuit.  Several circuits have concluded that when a court stays a final order of removal, the alien is no longer subject to a final order of removal and the removal period has not yet begun.  See 8 U.S.C. § 1231(a)(1)(B)(ii)("If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the [start of the removal period is the] date of the court's final order."); see also Sopo v. U.S. Attorney Gen., 825 F.3d 1199, 1209 (11th Cir. 2016) (internal quotation marks omitted) ("If a court stays an alien's removal during judicial review of the alien's

removal order, the statutory 90-day removal period does not begin until the court's final order."); Codina v. Chertoff, 283 Fed. App'x 432, 433 (8th Cir. 2008); Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 947-48 (9th Cir. 2008); Taylor v. Attorney Gen. of the United States, 241 Fed. App'x 6, 9 (3d Cir. 2007); Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003). Further, Tindi is currently detained pursuant to § 1226(a) because he is awaiting a "decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a); see also Casas-Castrillon, 535 F.3d at 947-48 (concluding that an alien whose removal had been stayed was detained under § 1226(a)). Accordingly, the court concludes that Tindi is being detained pursuant to § 1226(a), not § 1231.

**III. Reasonableness of Tindi's Detention**

As noted by the magistrate judge, the Eighth Circuit has not discussed when pre-removal detention becomes unreasonable, but the majority of circuits have adopted a fact-based inquiry. See R&R at 9; see also Davies, 2017 WL 4277145, at *3 (collecting cases). In Reid, the First Circuit considered a non-exhaustive list of relevant factors in determining whether an alien's pre-removal detention was unreasonable:

"the total length of detention;[2] the foreseeability of

---

[2] The magistrate judge adopted the "unencumbered time" approach, where the legally relevant amount of detention, i.e. the amount of unencumbered time served, is calculated by subtracting

6

  proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order."

Reid v. Donelan, 819 F.3d 486, 500 (1st Cir. 2016).

  Here, the magistrate judge correctly considered Tindi's fourteen-month long detention, the fact that Tindi did not flee when he was previously released on bond, and the uncertainty of when the Supreme Court will decide Dimaya, when the Eighth Circuit will render a decision as to if and how Dimaya applies to Tindi's circumstances, and when Tindi's state court appeal will conclude.

  The court notes that Tindi's continued detention would not result in the threat of indefinite detention that concerned the Supreme Court in Zadvydas; it is certain that, at some point, the Eighth Circuit and the state courts will render decisions on Tindi's appeals. But the probability that those decisions will "culminate in a final removal order" would require the court to presume too much. See Reid, 819 F.3d at 500 ("[T]here is a difference between the 'foreseeability' of proceedings ending and the 'foreseeability' of proceedings ending *adversely*.") (emphasis in original).

---

detention time served during the stay from the total amount of detention time. See Bah, 489 F. Supp. 2d at 922. Neither party objects to the magistrate judge's calculation that Tindi has been in pre-removal detention for fourteen months of unencumbered time, and so the court will not address whether an approach that considers the total length of detention is more appropriate.

7

Respondents object to the magistrate judge's analysis as too narrow and emphasize that there has been no delay on their part in facilitating Tindi's deportation and the delay has been due to a unusually long appeals process. The court agrees that there is no evidence that the respondents acted ineffectively in their attempts to remove Tindi from the United States, but as the magistrate judge correctly noted, "appeals and petitions for relief are to be expected as a natural part of the process. An alien who would not normally be subject to an indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him." R&R at 11 (quoting Ly v. Hansen, 351 F.3d 263, 272 (3d Cir. 2003)).

Tindi has been in pre-removal detention for over fourteen months, the government has provided no evidence that he is a flight risk or a danger to the community, and the court cannot say with certainty when his appeals will be decided and whether they will end in a final order of removal. The court agrees with the magistrate judge that Tindi's continued detention does not "serve[] the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings." Demore v. Kim, 538 U.S. 510, 528 (2003).[3] As a result, the court grants the petition

---

[3] Tindi filed a motion for an order compelling immediate release. See ECF No. 23. The court agrees with the magistrate judge and respondents that the respondents should be given an opportunity to impose release conditions on Tindi pursuant to 8 C.F.R. § 241.13(h). The court, therefore, will not compel Tindi's

for a writ of habeas corpus.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  Peter Berg, Acting Field Office Director, United States Immigration and Customs Enforcement shall replace Scott Baniecke on the case caption;

2.  Respondents' objection [ECF No. 19] is overruled;

3.  The R&R [ECF No. 18] is adopted in its entirety;

4.  Tindi's petition for writ of habeas corpus [ECF No. 1] is granted;

5.  Tindi's motion for an order compelling immediate release [ECF No. 23] is denied;

6.  Respondents shall release Tindi from custody on or before February 9, 2018, and may impose release conditions on Tindi pursuant to 8 C.F.R. § 241.13(h); and

7.  If Tindi is not released on or before February 9, 2018, a writ of habeas corpus shall issue compelling Tindi's immediate and unconditional release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 5, 2018

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

immediate release and denies the motion.